UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00086-MR

| | | |
|---|---|---|
| JONTAVIUS J. LITTLEJOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU YOUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

I. **BACKGROUND**

Plaintiff Jontavius J. Littlejohn ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated in Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. On April 21, 2022, Plaintiff filed the instant action, which he purports to bring under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff names FNU Young, FNU Borsotti, and FNU Beamish, all identified as correctional officers at Foothills, in their individual and official capacities, and Foothills as Defendants. [Id. at 2-3]. Plaintiff claims that Defendants violated his federal constitutional or statutory rights by failing to create a safe environment and to keep him safe. [Id. at 3]. Specifically,

Plaintiff alleges as follows. On January 24, 2022 at 8:05 p.m. Defendant Young took Plaintiff to a shower that was "overflooded" and Plaintiff told Young to put Plaintiff in a different shower. Defendant Borsotti took Plaintiff from the shower and "allowed [Plaintiff] to fall [in a big puddle of water] and did not attempt to keep [him] balanced." [Id. at 5]. Plaintiff hurt his lower back in the fall and is seeking $3.5 to $5 million in damages for "proper treatment." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff here purports to bring this action under § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations here implicate only the possibility of negligence.

Under the North Carolina Tort Claims Act, the Industrial Commission has exclusive jurisdiction over claims against the State, state departments, institutions, and agencies for personal injuries or damages sustained by any person due to the negligence of state officer, agent, or employee acting within the scope of his employment. Guthrie v. State Ports Authority, 307 N.C. 522, 299 S.E.2d 618 (1983). The Industrial Commission must decide whether the alleged wrong:

> arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State

3

> while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina….

N.C. Gen. Stat. § 143-291(a). Because Plaintiff's claim is, if anything, one sounding in negligence, it may be brought before the N.C. Industrial Commission only. See id. This Court lacks jurisdiction over Plaintiff's claim. The Court, therefore, will dismiss Plaintiff's Complaint without prejudice to Plaintiff bringing his claim in the proper court.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's Complaint without prejudice to Plaintiff bringing his claims in the proper court.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED without prejudice** in accordance with the terms of this Order.

2. The Clerk is instructed to terminate this action.

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge